UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JARED L. HAYNES,<br><br>   Plaintiff,<br><br>   v.<br><br>ALLEN COUNTY POLICE DEPT. MEDICAL UNIT,<br><br>   Defendant. | CAUSE NO.: 1:20-CV-362-WLC-SLC |

OPINION AND ORDER

Jared Haynes, a prisoner proceeding without a lawyer, was ordered to show cause why he has not paid the initial partial filing fee assessed by the court. (ECF 14.) Upon review of his response (ECF 15), the rule to show cause is discharged, and the court will proceed to screen the complaint. To the extent that Mr. Haynes requests additional time to file a further response to the show cause order, his request is denied as unnecessary.

Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. The court must bear in mind that "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). The complaint is not a model of clarity, but it can be discerned from the complaint and attachments that Mr. Haynes is serving a state sentence at Miami Correctional Facility. He complains about events occurring while he was a pretrial detainee at the Allen County Jail. Specifically, he claims that when he arrived at the jail in April 2018, he experienced a three-week day in receiving his medication. He further

claims that a medication jail medical staff gave him in early May 2018 caused him side effects, including headaches and vomiting. He further claims that in September 2018, there was a delay in getting him glasses. He was transferred to a state correctional facility to begin serving his sentence in October 2018.

Mr. Haynes's original complaint was stricken because it was not signed in accordance with Federal Rule of Civil Procedure 11, but he dated it October 15, 2020. (ECF 2 at 5.) It was electronically filed with the court that same date. His amended complaint is dated November 4, 2020, and was filed on November 19, 2020. (ECF 11 at 6.) The events underlying Mr. Haynes's claims occurred between May and September 2018. Suits filed under 42 U.S.C. § 1983 borrow the statute of limitations for state personal injury claims, which in Indiana is two years. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). The date on which the claim accrues, and the limitations period starts running, is the date when a plaintiff knows the fact and the cause of an injury. *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015). Here, it is apparent that Mr. Haynes was aware of his injuries, and their cause, immediately as they occurred. Because he tendered his complaint for filing more than two years later, the complaint is untimely.[1] Although the statute of limitations is ordinarily an affirmative defense, where it is clear from the face of the complaint that the action is untimely, dismissal at

---

[1] The court notes that there are two documents attached to the amended complaint that are dated October 19, 2018, which is within two years of the filing of the original complaint. One is a "limited power of attorney" granting the Indiana Department of Correction authority to receive and handle money on Mr. Haynes's behalf. (ECF 11-2 at 20.) The other is a release of medical records. (*Id.* at 21.) These forms do not underly Mr. Haynes's claims or document any injury occurring in October 2018.

the pleading stage is appropriate. *See O'Gorman*, 777 F.3d at 889; *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009). That is the case here.

Assuming he could overcome this barrier, his complaint has an additional problem. He does not name any individuals involved in his medical care, and instead names the "Allen County Police Department Medical Unit" as the sole defendant. This is a department within the jail, not a person or a policy-making body that can be sued for constitutional violations. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). He therefore has not named any viable defendant.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the court will allow Mr. Haynes to amend his complaint if after reviewing this order, he believes he can state a timely claim for relief against a proper defendant, consistent with the allegations he has already made under penalty of perjury.

For these reasons, the court:

(1) DISCHARGES the show cause order and DENIES the plaintiff's motion (ECF 15) for additional time to respond to the show cause order as unnecessary;

(2) GRANTS the plaintiff until **May 10, 2021**, to file an amended complaint if he so wishes; and

3

(3) CAUTIONS him that if he does not respond by that deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A, because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on April 12, 2021.

s/William C. Lee
JUDGE WILLIAM C. LEE
UNITED STATES DISTRICT COURT
